■ MINNIE FOX et al., Appellants, v. NORMAN P. GOODMAN, Respondent.— In an action to recover damages for personal injury, the plaintiffs appeal from so much of an order of the Supreme Court, Queens County, entered January 27, 1964 upon renewal and reconsideration of plaintiffs' application for a general preference in trial, as adhered to the court's original decision denying the application. Order, insofar as appealed from, reversed, with $10 costs and disbursements; plaintiffs' application for preference granted; and action remitted to the court below for the purpose of placing it in the appropriate position upon the Trial Calendar. In our opinion, under the circumstances here, it was error to deny the plaintiffs' application (see *Martirano* v. *Valger*, 19 A D 2d 544; *Schott* v. *Hertz Corp.*, 19 A D 2d 643). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ ROSANNE FRANKIEL, Respondent-Appellant, v. MAX FRANKIEL, Appellant-Respondent.— In an action by a wife for a judicial separation, the parties appeal as follows from an order of the Supreme Court, Westchester County, entered January 5, 1965: (1) The defendant husband appeals from so much of the order as denied his motion for a change of venue to Bronx County; granted plaintiff's motion for temporary alimony and a counsel fee, and denied his cross motion for summary judgment, or, in the alternative, to dismiss the complaint for insufficiency. (2) The plaintiff wife cross-appeals on the ground of inadequacy from so much of said order as allowed her $100 per week temporary alimony and a counsel fee of $1,000. Order, insofar as appealed from by the respective parties, affirmed, without costs. We are of the opinion that the papers submitted on the defendant's cross motion for summary judgment conclusively established that in the Mexican divorce proceedings his first wife did not appear by an authorized attorney. Although the decree recites that she entered a personal appearance "through a duly admitted attorney," the reference in the decree to Statute 40 of the Code of Civil Procedure establishes that the attorney was appointed by the Public Attorney to represent the absentee wife and that she never authorized such appearance. We agree with Special Term, however, that a triable issue of fact exists: (1) as to whether plaintiff was induced to marry defendant by reason of his and his former attorney's fraudulent representations that the Mexican divorce was valid; and (2) as to whether the defendant should now be estopped to assert the invalidity of such divorce. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.